IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CHARLES ARTHUR HAMILTON,**

    Petitioner,

v.                                                    Civil Action No. **3:20CV31**

**WARDEN KANODE,**

    Respondent.

## MEMORANDUM OPINION

Charles Arthur Hamilton, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging his conviction in the Circuit Court for the County of Fairfax ("Circuit Court"). By Memorandum Order entered on November 25, 2020, the Court directed Hamilton to show cause why his § 2254 Petition should not be dismissed as barred by the statute of limitations. Hamilton did not respond to this order. For the reasons that follow, the § 2254 Petition will be DENIED as barred by the statute of limitations.

## I. Procedural History

Hamilton entered an *Alford*[1] plea to the charge of murder and was sentenced to life in prison. (ECF No. 14–1, at 1–2.)[2] Hamilton appealed. The Supreme Court of Virginia refused Hamilton's petition for appeal on June 6, 2016. *Hamilton v. Commonwealth*, No. 151443 at (Va. June 6, 2016).

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

[2] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization and punctuation in the quotations to Hamilton's submissions.

On June 9, 2017, Hamilton filed a petition for a writ of habeas corpus with the Circuit Court for the County of Fairfax. Petition for Writ of Habeas Corpus 1, No. CL20178197 (Va. Cir. Ct. filed June 9, 2017). By Final Order entered on April 23, 2018, the Circuit Court denied the petition for a writ of habeas corpus. (ECF No. 14–2, at 20.) Hamilton appealed. On June 20, 2019, the Supreme Court of Virginia refused Hamilton's petition for appeal. (ECF No. 14–4, at 1.) Hamilton filed a petition for rehearing. "Finding that the petition for rehearing was not timely filed," the Supreme Court of Virginia dismissed the petition for rehearing "as late." (ECF No. 1–1, at 2.)

Hamilton placed his § 2254 Petition in the prison mail system for mailing to the United States District Court for the Western District of Virginia on December 11, 2019. (ECF No. 1, at 15). The Court deems the § 2254 Petition filed as of the date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). In the § 2254 Petition, Hamilton contends that he is entitled to relief upon the following grounds:

| | |
|---|---|
| Claim 1 | The trial court violated Hamilton's constitutional rights when it granted the prosecution's motion to amend the original second-degree murder indictment to a charge of first-degree murder. (ECF No. 1, at 5.) |
| Claim 2 | Hamilton's guilty plea was not knowing and voluntary because Hamilton was not provided discovery prior to entering his guilty plea. (*Id.* at 7.) |
| Claim 3 | The prosecution used hearsay as the basis for its theory of premeditation. Insufficient admissible evidence existed to support the charge of first-degree murder. (*Id.* at 8.) |

## II. Statute of Limitations

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ

of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> 1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### A. <u>Commencement and Running of the Statute of Limitations</u>

Hamilton's conviction became final on Tuesday, September 6, 2016, when the time for filing a petition for a writ of certiorari expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); *see* Sup. Ct. R. 13.1 (requiring a petition for a writ of certiorari within ninety days of the relevant judgment); Fed. R. Civ. P. 6(a)(1)(C) (stating that where the last day of a deadline falls on a weekend or holiday, the period continues to run until the next day is not a weekend or holiday).

3

By the time Hamilton filed his state habeas petition, 275 days of the limitation period had elapsed. The limitation period remained tolled while that petition and his appeal therefrom was pending before the Virginia courts. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations commenced again after the Supreme Court of Virginia refused Petitioner's petition for appeal on June 20, 2019. Another 173 days of the limitation period elapsed before Hamilton filed his § 2254 Petition. Because the limitation period ran for 448 days, more than the one-year limit set forth in AEDPA, Hamilton's § 2254 Petition is barred by the statute of limitation absent a demonstration the he is entitled to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(B)–(D) or an equitable exception to the limitation period.

### B. Hamilton Is Not Entitled to Statutory Tolling for His Belated Petition for Rehearing

Hamilton vaguely suggests that his § 2254 Petition is timely because the limitation should not have recommenced until after the Supreme Court of Virginia denied his petition for rehearing on his state habeas appeal. In the space on his § 2254 Petition where he must state why his § 2254 Petition is timely, Hamilton states: "As per 2263(a), there is a 180–day limit from the state court's final denial. Their final denial was the denial of my petition for rehearing, which was on 10 Oct. 2019." (§ 2254 Pet. 13 (citation omitted).)

The Court assumes that Hamilton is referencing 28 U.S.C. § 2263. That provision provides: "Any application under this chapter for habeas corpus relief under section 2254 must be filed in the appropriate district court not later than 180 days after final State court affirmance of the conviction and sentence on *direct review* or the expiration of the time for seeking such review." 28 U.S.C. § 2263(a) (emphasis added). This section does not apply to Hamilton, who was sentenced to life in prison, because it applies only to "prisoners in State custody who are subject to a capital sentence." 28 U.S.C. § 2261(a).

4

Furthermore, Hamilton's late filed petition for rehearing does not qualify for statutory tolling. To qualify for statutory tolling an action must be a (1) properly filed (2) post-conviction or other collateral review of (3) the pertinent judgment. 28 U.S.C. § 2244(d)(2). Case law dictates when and how an application for postconviction or other collateral review is deemed properly filed:

> [A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, *the time limits upon its delivery*, the court and office in which it must be lodged, and the requisite filing fee.

*Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (citation omitted) (internal footnote omitted) (second emphasis added). Here, Hamilton's petition for rehearing was dismissed as untimely, therefore it does not qualify for statutory tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (citation omitted) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).").

### III. Conclusion

Respondent's Motion to Dismiss (ECF No. 12) will be GRANTED. Hamilton's § 2254 Petition will be DENIED as barred by the statute of limitations. The action will be DISMISSED. A certificate of appealability will be DENIED.[3]

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Richmond, Virginia
Date: 1/25/2021

---

[3] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893–94 (1983)). Hamilton fails to meet this standard.

6